IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT LOCKHART, | ) | CASE NO.: 1:07 CV 2517 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF WOODMERE, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Motion or Defendants Jordan, Patrick, Ross, Carrier and Holbert for Summary Judgment (ECF #26); the Motion of Defendant Broadie for Summary Judgment (ECF #28); and the Motion of Defendant Village of Woodmere for Summary Judgment (ECF #27).

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Lamont Lockhart was the Chief of Police for the Village of Woodmere from April 2000 until he "was compelled to resign his employment relationship and was constructively discharged from his position as police chief on March 10, 2006." (Complaint, ¶¶7, 38). On August 20, 2007, Plaintiff filed this action against the Village of Woodmere; Yolanda Broadie, individually and in her official capacity as Mayor and Safety Director for the Village of Woodmere and James Jordan, Carolyn Patrick, Shelley Ross, Gerald Carrier, and Joyce Holbert,

the members of the Woodmere City Council individually and in their official capacity as council members. Plaintiff alleges claims of Title VII retaliation (Count 1), Title VII constructive discharge (Count 2), Section 1983, 14th Amendment Equal Protection Violation (Count 3), Section 1983 First Amendment retaliation (Count 4) and Constructive Discharge and Retaliation in violation of Ohio Public Policy (Count 5), and Constructive Discharge and Retaliation in violation of the Ohio Civil Rights Act, Ohio Rev. Code §4112 (Count 6). The Defendants have all moved for summary judgment on the Complaint.[1] Plaintiff has responded and Defendants have filed their reply brief in support of their motions. The motions are now ready for review.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250. It is with these standards in mind that the instant Motions must be decided.

## ANALYSIS

Moving first to Plaintiff's claims of retaliation in violation of Title VII and Ohio Rev. Code § 4112, the Court finds that genuine issues of material fact exist which make summary

---

[1] Mayor Broadie filed her own motion for summary judgment, as did the Village of Woodmere. The council member defendants filed their own motion for summary judgment. The Court will address the motions claim by claim.

judgment inappropriate. However, as Plaintiff has acknowledged, his Title VII claims against the individual defendants must be dismissed.[2] Moreover, the Court finds that Plaintiff's claim titled Title VII constructive discharge (Count 2) is not a separate claim. Rather, constructive discharge is merely one of the adverse employment actions that Plaintiff claims to have suffered. Further, as Plaintiff also acknowledges, Ohio law provides that a plaintiff cannot bring a public policy claim if the plaintiff can bring a statutory claim under Ohio law. As the Court has not granted summary judgment on Plaintiff's claim pursuant to Ohio Rev. Code § 4112 (Count 6) and will permit that claim to proceed to trial, Plaintiff's claim alleging violation of Ohio Public Policy (Count 5) is dismissed.

In Count 3 Plaintiff alleges that "Defendants have denied and continue to deny Plaintiff the statutory right to enter into and maintain an employment contractual relationship with Defendants free of discrimination and retaliation based on the basis of his race." (Complaint, ¶46). Plaintiff further alleges that Defendants purposefully deprived Plaintiff equal-contract opportunities on the job on the basis of race and retaliation. (Complaint, ¶47). Plaintiff titled this count "Section 1983: 14th Amendment Equal-Protection Violation." Defendants argue that because the Equal Protection Clause has no anti-retaliation provision and Plaintiff failed to identify another independent federal source of rights to be free from retaliation except for Title

---

[2] Plaintiff has filed a motion to voluntarily dismiss the council member defendants Gerald Carrier, Joyce Holbert, Carolyn Patrick and Shelley B. Ross without prejudice. Plaintiff maintains his claims against council president James Jordan. However, as there are no allegations or evidence showing that Mr. Jordan was a decision maker or had any authority to make any of the decisions complained about by Plaintiff, Mr. Jordan's Motion for Summary Judgment is granted. Mayor Broadie, on the other hand was a final decision maker, and while she cannot be liable under Title VII, she may be liable under Ohio Rev. Code § 4112. Thus, Plaintiff's Title VII retaliation claim may proceed against the Village and his § 4112 retaliation claim may proceed against the Village and Mayor Broadie.

VII, Plaintiff's § 1983 retaliation claim must be dismissed. See *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794-95 (6th Cir. 2000) (Title VII is the sole remedy for retaliation). Defendants also argue that Plaintiff has failed to demonstrate that he was a victim of intentional race discrimination under the Equal Protection Clause.

In response, Plaintiff does not argue that he has an equal protection claim, rather he alleges that § 1981 contains a cause of action for retaliation and that he may bring his §1981 retaliation claim pursuant to § 1983. That argument fails as this Court is bound by the decisions of the Sixth Circuit. The Sixth Circuit has expressly rejected the position that a separate cause of action exists under § 1981 against a state actor and/or governmental entity. *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008). "[W]e hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units,' *Jett*, 491 U.S. at 733, 109 S.Ct. 2702; no independent cause of action against municipalities is created by § 1981(c)." *Id.* The Supreme Court's opinion in *CBOCS v. Humphries*, 128 S.Ct. 1951 (2008) does not overrule *Arendale* or *Jett* and, as the Sixth Circuit recently reiterated, "[b]ecause *Jett* remains in force, consequently, § 1983 provides an exclusive remedy for violations against state actors sued in their official capacities." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Accordingly, Count 3 is dismissed.

Finally, after a thorough review of the parties' arguments regarding Plaintiff's claim of First Amendment retaliation (Count 4), the Court finds that Plaintiff's speech at issue did not address an issue of public concern. When a public employee asserts a first amendment retaliation claim against his public employer, the court must determine whether the employee

4

spoke as a citizen on a matter of public concern. See *Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty.,* 391 U.S. 563, 568 (1968). If the answer is no, the employee has no First Amendment cause of action based on the employer's reaction to the speech. See *Connick v. Myers,* 461 U.S. 138, 147 (1983). In this case, Plaintiff's statement were made pursuant to his official duties as police chief, and thus he was not speaking as a citizen for First Amendment purposes. See *Garcetti v. Ceballos*, 547 U.S. 410, 411 (2006). Thus, although taking action against a public employee for speech made pursuant to official duties might give rise to anti-discrimination, whistleblower, or labor-contract claims, it does not violate the First Amendment. *Weisbarth v. Geauga Park Dist*., 499 F.3d 538, 546 (6th Cir. 2007). Accordingly, Defendants' are entitled to judgment as a matter of law on Plaintiff's First Amendment retaliation claim (Count 4).

## CONCLUSION

For the reasons set forth above, Defendants' Motions for Summary Judgment are GRANTED as to Plaintiff's § 1983 14th Amendment Equal-Protection Violation (Count 3), § 1983 First Amendment retaliation (Count 4) and Constructive discharge and retaliation in violation of public policy (Count 5) claims. Defendant James Jordan's Motion for Summary Judgment is GRANTED on all counts and he is dismissed from this action. In addition, Defendant Broadie's Motion for Summary Judgment is GRANTED as to Count 1–Title VII retaliation. Defendant Village of Woodmere's Motion for Summary Judgment is DENIED as to Counts 1 (Title VII retaliation) and Count 6 (retaliation under §4112). Defendant Broadie's Motion for Summary Judgment is DENIED as to Count 6 (retaliation under §4112). Count 2 is not a separate claim and will be addressed at trial with Count 1. This case will proceed to jury

trial at 8:30 on December 1, 2008.

   IT IS SO ORDERED.

                  */s/ Donald C. Nugent*
                  DONALD C. NUGENT
                  United States District Judge

DATED: November 14, 2008